**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FAUSTINO CORONADO LOPEZ, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No. 5-26-cv-02822-XR |
| | § | |
| BOBBY THOMPSON, et al., | § | |
| *Respondents* | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Faustino Coronado Lopez's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents' Abbreviated Response (ECF No. 4). After careful consideration, the petition is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Faustino Coronado Lopez (A 221-376-595) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **July 7, 2026.**

2. Respondents must **NOTIFY** Petitioner's counsel by email[16] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing; and

4. Respondents shall **FILE** a status report on **July 8. 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

### DISCUSSION

Petitioner, a native and citizen of Mexico, is currently detained at South Texas Detention Facility, in Pearsall, Texas. ECF No. 1 at 3, 5. Petitioner last entered the United States without inspection in 1990. *Id.* Following Petitioner's entry to the United States, he has built a life in the country, has been consistently employed, fathered three U.S. citizen children, and has no criminal record. ECF No. 1 at 6.

On March 31, 2026, Petitioner was arrested without a bond hearing pending resolution of removal proceedings. ECF No. 1 at 6. Petitioner filed a habeas petition asserting that his detention without bond violates his due process rights. *See* ECF No. 1.

In previous cases, this Court has found that immigration detention without an individualized bond hearing of a noncitizen who (1) has established a substantial presence in the

---

[16] John F. Waldron, jwaldron@jfwlawfirm.com, 210-838-1704.

United States and/or (2) was previously released or paroled into the interior violates the Due Process Clause of the Fifth Amendment.[17]

Finding no material factual or legal differences between those cases and the one at bar, the Court concludes that Petitioner's detention without bond is unconstitutional. Thus, Petitioner's detention is unlawful, and habeas relief is proper. Petitioner must be released from detention.

### CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioner in accordance with the parameters set forth on the first page of this order.

It is so **ORDERED**.

**SIGNED** this 2nd day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[17] *See, e.g., Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026). Respondents' legal arguments in those cases are incorporated herein and preserved for the purposes of any future appeal.